HEATHER S. WHITE (7674)
DANI CEPERNICH (14051)
SNOW CHRISTENSEN & MARTINEAU
Post Office Box 45000
Salt Lake City, Utah 84145
Telephone: (801) 521-9000
hsw@scmlaw.com
dnc@scmlaw.com

*Attorneys for Defendants Summit County, Summit County Sheriff's Office, Justin Martinez, Syracuse City, Syracuse Police Department, Garret Atkin, Ron Bridge and Agent Weir*

IN THE UNITED STATES DISTRICT COURT

STATE OF UTAH

| | |
|---|---|
| SU-YI YOCUM, As. Y., Ad. Y., and Am. Y.,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF UTAH, UTAH ATTORNEY GENERAL'S OFFICE, ATTORNEY GENERAL SEAN REYES, WEBER COUNTY, WEBER COUNTY SHERIFF'S OFFICE, SHERIFF TERRY THOMPSON, SUMMIT COUNTY, SUMMIT COUNTY SHERIFF'S OFFICE, SHERIFF JUSTIN MARTINEZ, SYRACUSE CITY, SYRACUSE POLICE DEPARTMENT, CHIEF GARRET ATKIN, INVESTIGATOR RON BRIDGE, SPECIAL AGENT WEIR, SPECIAL AGENT CODY TRACY, SPECIAL AGENT RICHMOND, CAMERON HARTMAN, JESSICA FARNSWORTH, PATTY REED, ZACHARY SNOW, and JOHN DOES 1-10<br><br>Defendants. | **REPLY IN SUPPORT OF SUMMIT COUNTY AND SYRACUSE CITY DEFENDANTS' MOTION TO DISMISS**<br><br>Civil No.  1:16CV98<br><br>Magistrate Judge Brooke C. Wells |

Defendants Summit County, the Summit County Sheriff's Office, Detective Ron Bridge, and Sheriff Justin Martinez (collectively, the Summit County Defendants), and Syracuse City, the Syracuse Police Department, Chief Garret Atkin, and Detective Weir (collectively, the Syracuse Defendants) moved to dismiss the claims against them on various bases.  (Mot. to Dismiss [Dkt. No. 6].)  In their Opposition, the Yocums have conceded that the Summit County Sheriff's Office and the Syracuse Police Department should be dismissed.[1]  (Opp. [Dkt. No. 24] at 5.)  They have further clarified that they never intended to assert a claim based on an alleged violation of Mr. Yocum's Fifth Amendment rights, and have acknowledged they could not do so.  (*Id.* at 12-13.)

In responding to the Summit County and Syracuse Defendants' remaining bases for dismissal, the Yocums have largely misunderstood or ignored Defendants' arguments.  Perhaps most notably, the Yocums have failed to address the argument that their Complaint fails to adequately "plead that each Government-official defendant, through his own individual actions, has violated the Constitution."  *Glover v. Mabrey*, 384 F. App'x 763, 767 (10th Cir. 2010) (internal quotation marks omitted).  There is simply no indication of "exactly *who* is alleged to have done *what* to *whom*" as required by Rule 8(a)(2).  *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008).  This alone requires dismissal of all of the claims against the Summit

---

[1] The Yocums have stated that they "do not object to this characterization [as non-suable entities] as long as Defendants refrain from taking a legally or factually inconsistent position in the future."  (Opp. [Dkt. No. 24] at 5.)  The Summit County and Syracuse Defendants' argument was not based on any "characterization."  Rather, it was based on the well-recognized principle that political subdivisions such as a police department and sheriff's office are not legal entities amenable to suit—a principle the Yocums have not disputed.  *Lindsey v. Thomson*, 275 F. App'x 744, 746 (10th Cir. 2007); *Fail v. W. Valley City*, No.  2:04-CV-1094, 2006 WL 842910, *2 (D. Utah Mar. 28, 2006); *Redmond v. Salt Lake City Police Dep't*, No. 2:08-CV-153, 2009 WL 675628, *2-3 & n.1 (D. Utah Mar. 10, 2009).

County and Syracuse Defendants.  However, there are additional bases that further warrant dismissal.

## ARGUMENT

I. **THE YOCUMS HAVE FAILED TO ALLEGE OR IDENTIFY PERSONAL INVOLVEMENT OF THE SUMMIT COUNTY AND SYRACUSE DEFENDANTS IN THE ALLEGEDLY UNCONSTITUTIONAL SEARCH OF THE YOCUM HOME, USE OF EXCESSIVE FORCE, AND SEIZURE OF THE YOCUMS.**

The Summit County and Syracuse Defendants moved to dismiss the Yocums' First and Second Causes of Action against the individual Defendants on the basis that the Yocums have failed through their Complaint to "make clear exactly *who* is alleged to have done *what* to *whom*" as required by Rule 8(a)(2).  *Robbins*, 519 F.3d at 1249-50.  The Yocums have not addressed this argument.  Instead, they focus on whether they have sufficiently plead claims against Summit County and Syracuse City.  (Opp. [Dkt. No. 24] at 6-8 (arguing the "municipal defendants should rightly be held accountable" for their policies and failure to train.)  They have made no effort to identify where in their Complaint they alleged that Sheriff Martinez, Chief Atkin, Detective Weir, Detective Bridge, or any other specific members of the Summit County Sheriff's Office or the Syracuse Police Department participated in the execution of the search warrant, or what actions each individually took.  Absent such allegations, the Yocums have failed to state an unreasonable search, excessive force, and unlawful seizure claim against the individual Summit County and Syracuse Defendants.[2]  Accordingly, the First and Second Causes of Action against the individual Defendants should be dismissed.

---

[2] *See Robbins*, 519 F.3d at 1250 ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."); *Foote v. Spiegel*, 118 F.3d 1416,

## II. THE YOCUMS HAVE FAILED TO ESTABLISH THAT THE OTHER BASES FOR DISMISSAL OF THE FIRST AND SECOND CAUSES OF ACTION DO NOT APPLY.

The Summit County and Syracuse Defendants argued that even if the Complaint could be read as sufficiently alleging personal involvement of the individual Defendants, which it cannot, there are alternative grounds to dismiss the Yocums' unreasonable search, excessive force, and unlawful seizure claims. The Yocums have not established that these alternative bases do not apply.

### A. Issue preclusion bars the Yocums from relitigating whether there was probable cause for the search of their residence.

The Summit County and Syracuse Defendants argued the Yocums are barred by issue preclusion from asserting that the search of the Yocum home was not supported by probable cause given that the criminal trial court ruled against Mr. Yocum on the very same claim. In their Opposition, the Yocums' argue that issue preclusion does *not* apply because the Summit County and Syracuse Defendants' reliance on *Press Pub., Ltd. v. Matol Botanical Int'l, Ltd.*, 2001 UT 106, 37 P.3d 1121 "is misplaced." (Opp. [Dkt. No. 24] at 9.) They maintain that case has no applicability because "the plaintiffs herein have never claimed privity with Mr. Yocum's legal interest in the criminal proceeding and should not be bound thereby." (*Id.*)

The Summit County and Syracuse Defendants cited *Press Publishing* for "[t]he legal definition of a person in privity with another"— "a person so identified in interest with another that he represents the same legal right." 2001 UT 106, ¶ 20. Contrary to the Yocums' apparent position, privity does not require that the party has "claimed privity." And, as the Summit

---

1423-24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.").

4

County and Syracuse Defendants explained in their Motion, courts that have addressed the issue of issue preclusion between spouses in the context of a § 1983 claim following a criminal case have held privity exists.  *See, e.g.*, *Hawkins v. Czarnecki*, 142 F.3d 434 (6th Cir. 1998); *Ioane v. Spjute*, No. 1:07-CV-0620, 2015 WL 164610, at *3 (E.D.C.A. Jan. 13, 2015) (unpublished).  The Yocums do not address those cases.  Nor have they attempted to establish that Mr. Yocum had such divergent interests in his criminal case such that he should not have been considered to have been representing the family's legal right with respect to the search of the family home.

### B. The Summit County and Syracuse Defendants argued Sheriff Martinez, Chief Atkin, and Detective Weir are entitled to absolute immunity only for the unreasonable search claim.

The Summit County and Syracuse Defendants argued that to the extent the Yocums have stated an unreasonable search claim against Sheriff Martinez, Chief Atkin, and Detective Weir, and that claim is not barred by issue preclusion, those Defendants are entitled to absolute immunity.  The Yocums appear to concede this point, arguing only that "there is not immunity for the unreasonable execution of an order pursuant to department training and institutional policy that deliberately disregards the rights on innocent citizens like Ms. Su-Yi Yocum and her young daughters."  (*See* Opp. [Dkt. No. 24] at 9.)  The Summit County and Syracuse Defendants did not argue that absolute immunity applied to the Yocums' excessive force claim, but rather only the claim that Sheriff Martinez, Chief Atkin, and Detective Weir searched the Yocum home without probable cause.  The Yocums have cited no authority establishing absolute immunity does not apply to such a claim where peace officers and other officials merely enforce a facially valid court order.  *Valdez v. City & Cnty. of Denver*, 878 F.2d 1285, 1287-90 (10th Cir.1989); *Martin v. Bd. of Cnty. Comm'rs of Cnty. of Pueblo*, 909 F.2d 402, 404-05 (10th Cir. 1990).

5

### C. The Yocums have not stated a claim against Detective Bridge based on his execution of the probable cause affidavit.

The Summit County and Syracuse Defendants argued any claim against Detective Bridge based on his execution of the probable cause affidavit should be dismissed because the Yocums have not identified any statements Detective Bridge included in the affidavit that they believe were false or identified any facts that were omitted that would have vitiated probable cause. In their Opposition, the Yocums argue "Defendants' argument is premature. It is inappropriate to levy this argument based on the pleadings before there has been any discovery in this matter." (Opp. [Dkt. No. 24] at 10.)

In making this argument, the Yocums ignore the very purpose of a motion under Rule 12(b)(6). It is well established that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face." *Dorf v. Bjorklund*, 531 F. App'x 836, 837 (10th Cir. 2013) (internal quotation marks omitted). The "plaintiff must offer specific factual allegations to support each claim." *Id.* (internal quotation marks and brackets omitted). As detailed in the Summit County and Syracuse Defendants' Motion, the Yocums' Complaint contains no such factual allegations to support a claim that Detective Bridge included false statements in the probable cause affidavit or omitted material information.[3] They Yocums appear to recognize as much, claiming they "expect that, during the course of discovery, it will be established that Det. Bridge intentionally included false

---

[3] While the Yocums now claim that it was misleading for Detective Bridge to discuss the SHA1 Secure Hash Algorithm because the eDonkey P2P network does not use SHA1 (Opp. [Dkt. No. 24] at 11), no such allegation is found in the Complaint. "SHA1 Secure Hash Algorithm" is not mentioned. And, the Yocums' discussion of the probable cause affidavit is limited to their contention that "The Search and Seizure Warrant in this case was issued based on information that was stale and based on an affidavit that otherwise failed to establish probable cause." (Compl. [Dkt. No. 1] ¶ 56(a).)

6

information in his affidavit for search warrant." (Opp. [Dkt. No. 24] at 10.) But the mere hope that discovery will reveal facts that are not pled in the Complaint that may support a claim is insufficient to overcome a motion to dismiss.

### D. The Yocums have failed to allege that the search involved excessive force.

The Summit County and Syracuse Defendants argued that the facts alleged by the Yocums, which include only that unidentified officers entered forcibly and initially pointed guns at the Yocums while directing them a single room, are insufficient to state a claim of excessive force. In doing so, they relied on *Ealum v. Schirard*, 46 F. App'x 587, 595 (10th Cir. 2002) and *Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1189-91 (10th Cir. 2001), in which the Tenth Circuit held that "dynamic entry" by a SWAT team to execute a search warrant—more than what is alleged here—is not an unreasonable use of force, even when the officers know children are present.

The Yocums claim that "Defendants' reliance on *Ealum* in the instant case is misplaced" because "the legal ruling in *Ealum* . . . was that officers were not entitled to a finding of qualified immunity as a matter of law." (Opp. [Dkt. No. 24] at 12.) In making this argument, the Yocums have conflated parts of the Tenth Circuit's decision. They have focused on the court's determination that the officers involved in the entry of the home were not entitled to qualified immunity for their conduct during the search. This is not the portion of *Ealum* the Summit County and Syracuse Defendants cited. Rather, Defendants' Motion is based on the Tenth Circuit's determination that the officers who decided to use the SWAT team to effect a forcible, dynamic entry into the home were entitled to qualified immunity because "the decision to use the SWAT team was not unreasonable." *Ealum*, 46 F. App'x at 595. Because the Yocums have not

alleged more than the use of a forcible, dynamic entry, *this* portion of *Ealum* controls and establishes the excessive force claim should be dismissed, assuming the Yocums' Complaint can even be read as alleging the individual Defendants were personally involved in the alleged use of excessive force.

As with *Holland*, which the Summit County and Syracuse Defendants addressed in depth in their Motion, the Tenth Circuit's analysis on the first issue in *Ealum*, relied on by the Yocums, highlights the Yocums' failure to state an excessive force claim.  Again, that issue involved the question of whether the officers' conduct during the entry of the home—as opposed to a dynamic entry itself—gave rise to a claim of excessive force.  The court described the officers' conduct as follows:

> one of the SWAT team officers pushed 12-year-old Jody Jr. to the floor with his shield and held him there with his knee. Another officer led six-year-old Tim by the back of his shirt from the bedroom while pointing the laser sight on his weapon at Tim. The residents were herded into the living room and weapons were pointed around the residence. While other officers searched the house, an officer forcibly held Jody Jr. on the couch because he was upset with the officers for scaring his brother.

*Id.* at 591.  Relying on *Holland*, the Tenth Circuit held that this conduct, if it in fact occurred, "was unreasonable in light of the facts and circumstances."  *Id.*

The facts alleged by the Yocums are unlike those in *Ealum*, just as they are unlike those in *Holland*.  There is no allegation that Mrs. Yocum or any of the children were pushed to the ground or led by grasp on their clothing or person to another room.  There is no allegation that any of the Defendants continued to point their weapons at Mrs. Yocum or the children beyond the initial entry.  Nor is there any allegation that Mrs. Yocum or any of the children were forcibly

held on a couch or chair.  Rather, according to the Complaint, after the officers entered the home, the Yocums were detained in a single room during the execution of the search warrant.

The Yocums have failed to identify any authority to support their position that the facts *as they have alleged them*, which are unlike the conduct above-and-beyond the (constitutional) "dynamic entry" that the Tenth Circuit held unconstitutional in *Ealum* and *Holland* are sufficient to state an excessive force claim.  Again, it is clear that neither a "dynamic entry" in itself nor a subsequent detention during a search constitutes excessive force.  *Ealum*, 46 F. App'x at 595; *United States v. Johnson*, 414 F. App'x 176, 179 (10th Cir. 2011) ("As long as a person is an occupant of the premises identified in a search warrant, officers have categorical authority to detain him or her for the duration of the search."  (internal quotation marks omitted)).

### III. THE YOCUMS HAVE FAILED TO STATE A CLAIM OF SUPERVISORY LIABILITY AGAINST SHERIFF MARTINEZ AND CHIEF ATKIN.

The Summit County and Syracuse Defendants moved to dismiss what appeared to be supervisory liability claims against Sheriff Martinez and Chief Atkin on two bases: (1) because the Yocums have not stated a claim that any of the other individual Summit County or Syracuse Defendants violated their constitutional rights, there can be no supervisory liability, *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("In order to establish a § 1983 claim against a supervisor for the unconstitutional acts of his subordinates, a plaintiff must first show the supervisor's subordinates violated the constitution."); and (2) the Yocums have failed to allege the requisite "'affirmative link' between the supervisor and the violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates," *id.*  The Yocums have not directly addressed the first argument.  And, their response to the second argument is largely non-responsive.

9

As to the latter, the Yocums claim that "[t]he issue of supervisory liability is briefed extensively" in their Section II. (Opp. [Dkt. No. 24] at 13.) That argument, however, addresses the Yocums' municipal liability claims against Summit County and Syracuse City, not the individual-capacity supervisory liability claim against Sheriff Martinez and Chief Atkin. These are, of course, different claims with different, albeit similar, elements.

As the Summit County and Syracuse Defendants explained in their Motion, post-*Iqbal*, the Tenth Circuit has held that a plaintiff may "succeed in a § 1983 suit against a defendant-supervisor by demonstrating: (1) the defendant promulgated, created, implemented, or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional violation." *Dodds v. Richards*, 614 F.3d 1185, 1199 (10th Cir. 2010). The Yocums did not mention, let alone address the requirements under *Dodds* in their Opposition. Nor have the responded to Defendants' point that their Complaint fails to identify any specific policy promulgated, created, implemented, or continued by either Sheriff Martinez or Chief Atkin that caused the alleged constitutional violations. Indeed, their Opposition speaks exclusively in terms of the municipalities. It makes no reference to any personal involvement on the part of Sheriff Martinez or Chief Atkin. The mere fact that Sheriff Martinez and Chief Atkin were in charge of their respective employees is "not enough in our circuit" to establish supervisory liability. *Dodds*, 614 F.3d at 1195.

## IV. THERE CAN BE NO MUNICIPAL LIABILITY BECAUSE THE YOCUMS HAVE NOT ALLEGED THAT ANY OF THE INDIVIDUAL SUMMIT COUNTY OR SYRACUSE DEFENDANTS VIOLATED THEIR CONSTITUTIONAL RIGHTS.

The Summit County and Syracuse Defendants moved to dismiss the municipal liability claims against Summit County and Syracuse City on the basis that "[a] municipality may not be held liable where there was no underlying constitutional violation by any of its officers," *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993), and the Yocums have not plead a constitutional violation by any of the individual Summit County and Syracuse Defendants. The Yocums appear to have misunderstood this argument, focusing their Opposition instead on whether they sufficiently alleged these Defendants "failed to train officers in the proper procedures for warrant execution" and "promulgated policies and customs using deliberate indifference to the constitutional rights of persons." (Opp. [Dkt. No. 24] at 7-8.) The Summit County and Syracuse Defendants did not challenge the sufficiency of such allegations. Rather, they argued that because the Yocums have failed to state a claim that any of the individual Defendants violated their constitutional rights, there can be no municipal liability. The Yocums have not identified any authority to the contrary. Nor could they, as this is a well settled principle of municipal liability. *See Hinton*, 997 F.2d at 782.

## CONCLUSION

For the foregoing reasons and those stated in the Motion to Dismiss, the Yocums' Complaint against the Summit County and Syracuse Defendants should be dismissed in its entirety.

11

DATED this 3rd day of November, 2016.

                                      SNOW, CHRISTENSEN & MARTINEAU

                                      /s/ Dani Cepernich
                                      Heather S. White
                                      Danica N. Cepernich
                                      *Attorneys for Defendants Syracuse and Summit*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of November, 2016, I electronically filed the foregoing **REPLY IN SUPPORT OF SUMMIT COUNTY AND SYRACUSE CITY DEFENDANTS' MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF System, and served the foregoing filing, to the following:

>Joseph Jardine
>Peter D. Goodall
>JARDINE LAW OFFICES, P.C.
>140 North Union Avenue, Ste. 205
>Farmington, UT 84025
>info@jlodefense.com

/s/ Linda St. John

4822-8085-4587, v. 1