Frank D. Mylar (5116)
MYLAR LAW, P.C.
2494 Bengal Blvd.
Salt Lake City, Utah 84121
Phone: (801) 858-0700
FAX: (801) 858-0701
Mylar-Law@comcast.net

Attorney for Defendants Weber County, Sheriff Terry Thompson, and Cameron Hartman

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| SU-YI YOCUM, As. Y., Ad. Y., and Am. Y.,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF UTAH, UTAH ATTORNEY GENERAL'S OFFICE, ATTORNEY GENERAL SEAN REYES, WEBER COUNTY, WEBER COUNTY SHERIFF'S OFFICE, SHERIFF TERRY THOMPSON, SUMMIT COUNTY, SUMMIT COUNTY SHERIFF'S OFFICE, SHERIFF JUSTIN MARTINEZ, SYRACUSE CITY, SYRACUSE POLICE DEPARTMENT, CHIEF GARRET ATKIN, INVESTIGATOR RON BRIDGE, SPECIAL AGENT WEIR, SPECIAL AGENT PURDY, SPECIAL AGENT ZIMMERMAN, SPECIAL AGENT BAGGS, SPECIAL AGENT WHITE, SPECIAL AGENT RENFRO, SPECIAL AGENT WARE, SPECIAL AGENT CODY TRACY, SPECIAL AGENT RICHMOND, CAMERON HARTMAN, JESSICA FARNSWORTH, PATTY REED, ZACHARY SNOW, and JOHN DOES 1-10,<br><br>Defendants. | **WEBER COUNTY DEFENDANTS' ANSWER TO COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Case No. 1:16-CV-00098<br><br>District Judge Clark Waddoups |

Defendants, Weber County[1], Sheriff Terry Thompson, and Cameron Hartman (hereinafter Weber County Defendants), through their attorney, Frank D. Mylar, respectfully answer the allegations in Plaintiffs' Complaint (Doc. No. 2) as follows:

All allegations are deemed DENIED except as expressly admitted below. The below paragraphs correspond with the numbered paragraphs of Plaintiffs' Complaint.

## JURISDICTION & VENUE

1. Admit.

2. Admit.

3. Admit.

4. Admit.

## PARTIES

5. Deny for lack of knowledge.

6. Deny for lack of knowledge. Also deny that Su-Yi Yocum can bring suit on behalf of As. Y. as "next friend and parent."

7. Deny for lack of knowledge. Also deny that Su-Yi Yocum can bring suit on behalf of Ad. Y. as "next friend and parent."

8. Deny for lack of knowledge. Also deny that Su-Yi Yocum can bring suit on behalf of Am. Y. as "next friend and parent."

9. Deny for lack of knowledge.

10. Admit.

---

[1] Plaintiffs also name Weber County Sheriff's Office as a party. However, the Sheriff's Office is not a separate legal entity from Weber County and cannot be sued independently.

11. Deny that Weber County is a municipal corporation. Admit the remainder of the paragraph.

12. Deny for lack of knowledge.

13. Deny for lack of knowledge.

14. Deny for lack of knowledge.

15. Deny for lack of knowledge.

16. Deny for lack of knowledge.

17. Deny for lack of knowledge.

18. Deny for lack of knowledge.

19. Deny for lack of knowledge.

20. Deny for lack of knowledge.

21. Deny for lack of knowledge.

22. Deny for lack of knowledge.

23. Deny for lack of knowledge.

24. Admit that Harman is employed by Weber County as a Deputy Sheriff and was acting under the authority of Weber County at the relevant time.

25. Deny for lack of knowledge.

26. Deny for lack of knowledge.

27. Deny for lack of knowledge.

28. Deny for lack of knowledge.

29. Deny for lack of knowledge.

## GENERAL ALLEGATIONS

30. Deny for lack of knowledge.

31. Deny for lack of knowledge.

32. Deny for lack of knowledge.

33. Deny for lack of knowledge.

34. Deny for lack of knowledge.

35. Admit that Cameron Hartman assisted with executing the search warrant.  Deny the remainder of the paragraph for lack of knowledge.

36. Admit that officers entered and served the search warrant.  However, Deputy Hartman was one of the last, if not the last to enter the home.  The door was open at that time and the scene was secured.  He did not talk to any of the Plaintiffs.

37. Deny.

38. Deny.

39. Deny.

40. Deny for lack of knowledge any admissions Investigator Bridge made.  Deny the remainder of the paragraph.

41. Deny that there was unreasonable police conduct in this case.  Deny the remainder of the paragraph for lack of knowledge.

42. Deny for lack of knowledge.

43. Deny for lack of knowledge.

44. Deny for lack of knowledge.

45. Admit.

46. Deny.

47. Deny.

48. Deny.

49. Deny that Plaintiffs suffered any of the alleged injuries and damages.

## FIRST CLAIM FOR RELIEF

### FOURTH AMENDMENT, UNREASONABLE SEARCH / EXCESSIVE FORCE IN VIOLATION OF 42 U.S.C. § 1983

50. Defendants repeat their answers from paragraphs 1 through 49.

51. Admit as to Cameron Hartman only. Deny the remainder of the paragraph for lack of knowledge.

52. Deny that Cameron Hartman had any significant role in actually serving the warrant. Although he was present, he was either the last or one of the last to enter the residence and he did not even have his gun drawn when he did. He did not talk or interact with any of the Plaintiffs. Deny the remainder of the paragraph.

53. Admit as to Cameron Hartman. Deny the remainder of the paragraph for lack of knowledge.

54. Deny.

55. This is a legal conclusion and therefore cannot be admitted or denied.

56. Deny.

57. Deny.

58. Deny.

59. Deny as to Weber County. Deny the remainder of the paragraph for lack of knowledge.

5

60. Deny as to Weber County. Deny the remainder of the paragraph for lack of knowledge.

61. Deny.

Deny that Plaintiffs are entitled to any judgment against Defendants stemming from their First Claim for Relief.

## SECOND CLAIM FOR RELIEF

### LOSS OF LIBERTY, UNLAWFUL SEIZURE, IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION

62. Defendants repeat their answers from paragraphs 1 through 61.

63. Deny because it is unclear which Defendants Plaintiffs are referencing in this paragraph.

64. Deny.

65. Deny.

66. Deny as to Weber County. Deny the remainder of the paragraph for lack of knowledge.

67. Deny as to Weber County. Deny the remainder of the paragraph for lack of knowledge.

68. Deny as to Weber County. Deny the remainder of the paragraph for lack of knowledge.

69. Deny.

Deny that Plaintiffs are entitled to any judgment against Defendants stemming from their Second Claim for Relief.

## THIRD CLAIM FOR RELIEF

### UNLAWFUL POLICY, PRACTICE, AND/OR CUSTOM OF THE DEFENDANTS IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION

70. Defendants repeat their answers from paragraphs 1 through 69.

71. Deny because it is unclear which Defendants Plaintiffs are referencing in this paragraph.

72. Deny that Defendants have a practice, custom and policy that led and allowed defendant officers to deprive Plaintiffs of their constitutional rights within the meaning of 42 U.S.C. § 1983.

73. Deny because it is unclear which Defendants Plaintiffs are referencing in this paragraph.

74. Deny as to Weber County. Deny the remainder of the paragraph for lack of knowledge.

75. Deny as to Weber County. Deny the remainder of the paragraph for lack of knowledge.

76. Deny as to Weber County. Deny the remainder of the paragraph for lack of knowledge.

77. Deny as to Weber County. Deny the remainder of the paragraph for lack of knowledge.

78. Deny as to Weber County. Deny the remainder of the paragraph for lack of knowledge.

79. Deny as to Weber County. Deny the remainder of the paragraph for lack of knowledge.

80. Deny as to Weber County. Deny the remainder of the paragraph for lack of knowledge.

81. Deny as to Weber County. Deny the remainder of the paragraph for lack of knowledge.

82. Deny that the conduct of the police officers heretofore described is unlawful, deliberate, malicious, reckless, and/or wanton.

83. Deny.

Deny that Plaintiffs are entitled to any judgment against Defendants stemming from their Third Claim for Relief.

## **REQUEST FOR RELIEF**

1. Deny.

2. Deny.

3. Deny.

4. Deny.

5. Deny.

6. Deny.

7. Deny.

### FIRST AFFIRMATIVE DEFENSE

Defendants Sheriff Terry Thompson and Cameron Hartman are entitled to the defense of qualified immunity in that their actions were not contrary to clearly established law and a reasonable person would not have known that such conduct was unconstitutional at the time.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to allege a sufficient basis for punitive damages or to allege the willful and evil motives necessary to support an award of punitive damages. In addition, Plaintiffs' claims for punitive damages are unconstitutional as a violation of the Fourteenth Amendment of the United States Constitution.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim for which relief can be granted in that he has failed to specify a violation of federal law that is cognizable under 42 U.S.C. § 1983.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for damages are speculative, conclusory, and not supported by sufficient factual allegations and as such should be dismissed.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is time barred in that they did not plead that they filed a notice of claim within one year as required by Utah Code Ann. § 63G-7-402.

### SIXTH AFFIRMATIVE DEFENSE

Weber County Defendants are entitled to the defense of Quasi-judicial immunity in that they were executing a facially valid court order.

**WHEREFORE:** All Plaintiffs' claims should be dismissed and Plaintiffs should be ordered to pay Defendants' attorney fees and costs under 42 U.S.C. § 1988.

Dated this 23rd day of November, 2016.

/s/ *Frank D. Mylar*

Frank D. Mylar
Attorney for Weber County Defendants